No. 69795.—Daiichi Bussan Kaisha, Ltd., et al. *v.* United States, protests 60/12015, etc. (New York).

RAO, Chief Judge: The protests enumerated in the schedule of protests, annexed to this decision and made a part hereof, have been consolidated for purposes of trial. They relate to certain cotton velveteen, classified as such, and assessed with duty at the respective rate or rates applicable thereto in paragraph 909 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, supplemented by Presidential notification, 86 Treas. Dec. 384, T.D. 52857, or by the Japanese Protocol to said General Agreement on Tariffs and Trade, 90 Treas. Dec. 234, T.D. 53865, supplemented by Presidential notification, 90 Treas. Dec. 280, T.D. 53877.

It is claimed in said protests that said velveteen is properly dutiable at the rate of 11 per centum ad valorem, pursuant to the provision in paragraph 907 of said act, as modified by said General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and supplemented by Presidential proclamation, 92 Treas. Dec. 175, T.D. 54399, for waterproof cloth, wholly or in chief value of cotton.

These protests have been submitted for decision upon a sample of the merchandise received in evidence as plaintiffs' exhibit 1, identified as representative of quality number OTC 3000 included in entry 781861, covered by protest 60/12015, in entry 792744, covered by protest 60/12437, and in entry 762246, covered by protest 60/9202; a sample received in evidence as plaintiffs' exhibit 4, stipulated to be similar in all material respects to the merchandise the subject of entry 711992, covered by protest 60/8540, and a sample received in evidence as plaintiffs' exhibit 5, stipulated to be similar in all material respects to the merchandise the subject of entry 767026, covered by protest 61/16789.

In a report, dated May 15, 1964, received in evidence as plaintiffs' exhibit 3, the United States Customs Laboratory advised that a sample, identified as plaintiffs' exhibit 1, was tested in accordance with the cup test prescribed in customs method 907.1–54 and resisted penetration of water for 24 hours. A similar report, dated November 19, 1965, and incorporated into the record by stipulation of the parties, indicates that plaintiffs' exhibits 4 and 5 also resisted penetration of water for 24 hours.

The parties have further stipulated that all of the merchandise embraced in the consolidated cases, assessed with duty as hereinabove indicated, consists of waterproof cotton velveteen cloth similar in all material respects to the cloth which, in the case of *United States* v.

*D. H. Grant & Co. Inc.*, 47 CCPA 20, C.A.D. 723, was held to be waterproof cloth within the purview of paragraph 907 of the Tariff Act of 1930, as modified by prevailing trade agreement, and the record in said case has been received in evidence in the instant case.

Upon the established facts and the cited authority, we hold the merchandise here in question to be dutiable at the rate of 11 per centum ad valorem, as provided in said paragraph 907, as modified and supplemented, as waterproof cloth, wholly or in chief value of cotton. To the extent indicated, the specified claim in the protests is sustained. All other claims are, however, overruled.

Judgment will be entered accordingly.